IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01417-MSK-CBS

DONOVAN EDWARD EASTMAN,
    Applicant,
v.

J.M. WILNER, Warden,
    Respondent.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (filed July 17, 2009) (doc. # 1). Pursuant to the Order of Reference dated July 22, 2009 (doc. # 8), this civil action was referred to the Magistrate Judge to, *inter alia*, "issue a Report and Recommendation as to the disposition of the merits of the Petition." The court has reviewed the Petition, Respondents' "Answer to Application for Writ of Habeas Corpus" (filed September 21, 2009) (doc. # 16), Mr. Eastman's "Objection to Respondents Answer for Writ of Habeas Corpus" ("Traverse") (doc. #18), the entire case file, the exhibits, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    As a preliminary matter, Respondent does not assert the defense of failure to exhaust administrative remedies.  (Doc. # 4 at p. 1).  Mr. Eastman is currently confined at the United States Penitentiary in Atlanta, Georgia and has a projected release date of

1

December 20, 2012.  He has filed this petition asserting that he has been denied credit for seven months and five days he spent in state custody from March 4, 2002 to October 9, 2002.  (*See* Doc. #1).  Respondent asserts this time was credited toward a state sentence that Mr. Eastman served.

On January 15, 2002, Mr. Eastman was arrested by state authorities in Larimer County, Colorado.  On October 9, 2002, he was sentenced in Larimer County Case Number 01CR1165 to a 12 year term of imprisonment for Possession with Intent to Manufacture a Controlled Substance.  (*See* "Declaration of Forest B. Kelly," doc. # 16-2 at p. 3 of 33, ¶ 4).  Mr. Eastman spent 267 days from March 4, 2002 through October 8, 2002, in state presentence custody.  (*See* ¶ 42 of "Presentence Investigation Report, District of Colorado for Donovan Edward Eastman," doc. # 16-2 at p. 10 of 33; "Colorado Department of Corrections Official Time Computation Report" doc. # 16-2 at p. 21 of 33).

In addition to the state charges, Mr. Eastman was also charged in federal court in case number 03-CR-184-N with Possession of a Firearm by a Prohibited Person and Possession of Counterfeit Securities.  (*See* "Judgment in a Criminal Case" doc. # 16-2 at pp. 13-14 of 33).  He was sentenced on November 16, 2004 to a 71 month term of imprisonment, and the court ordered the sentence to be served consecutively to the undischarged state sentence form Larimer County.  *Id.* at p. 15 of 33.  Mr. Eastman was paroled from state custody on October 24, 2007 and released into the custody of federal authorities.  (*See* doc. # 16-2 at p. 4 of 33, ¶ 8, p. 21 of 33).  The Bureau of Prisons ("BOP") did not award Mr. Eastman with any prior custody credit.  Specifically, Mr. Eastman was not credited with the 267 days from March 4, 2002 through October 8,

2002.  Mr. Eastman has brought this claim alleging this time should have been credited to his federal sentence and that the BOP miscalculated his term of imprisonment.

II.     Analysis

The Attorney General through the BOP has the power to grant prior custody credit toward a sentence.  *United States v. Jenkins,* 38 F. 3d 1143, 1144 (10th Cir. 1994).  A district court may review the BOP's determination under 28 U.S.C. §2241.  *See Bennett v. U.S. Parole Commission*, 83 F. 3d 324, 327 (10th Cir. 1996) ("[i]n the event of a dispute over the calculation or application of credits by the BOP, the district court has jurisdiction to review that determination if petitioner has exhausted administrative remedies").[1]

Under 18 U.S.C. §3585(a), a sentence commences on the date the defendant is received into federal custody.  A defendant cannot commence serving his sentence prior to the pronouncement of that sentence.  *DeMartino v. Thompson*, 1997 U.S. App. LEXIS 16218, at *6 (10th Cir. July 1, 1997).  Mr. Eastman began serving his federal sentence on Oct. 24, 2007.  His sentence could not begin until that date, which was after he completed his state sentence.  Any credit to Mr. Eastman's federal sentence for his time in custody prior to Oct. 24, 2007 would be governed by 18 U.S.C. §3585(b).

18 U.S.C. §3585(b) provides that "[a] defendant shall be given credit toward the

---

[1] The Petition sets out U.S. Sentencing Guideline 5G1.3(b)(1), claiming this regulation authorizes the court to reduce an applicant's sentence.  However, the section to which Mr. Eastman refers permits a federal court to adjust a term at the time of sentencing, but does not authorize the court to recalculate the sentencing credit post judgment.  *Vizcarra-Hernandez v. Wilner* 2008 WL 5054569 at *3 (D. Colo. Nov. 21, 2008).

service of a time of imprisonment for any time he has spent in official detention prior to the date the sentence commences. . . that has not been credited toward another sentence." There cannot be credit to a defendant's federal sentence for time spent in state custody where the defendant previously received credit on his state sentence for that time. *United States v. Wilson*, 503 U.S. 329, 337 (1992) (discussing the 1987 revisions to 18 U.S.C. §3585(b) and noting that "Congress made clear that a defendant could not receive a double credit for his detention time"). Additionally, BOP regulations hold that any sentence imposed by a court for "Time Served" includes "all time spent in official detention (prior custody time) as a result of the offense for which the sentence was imposed and cannot be awarded to any other sentence." Program Statement 5880.28, Sentence Computational Manual CCCA of 1984.

Mr. Eastman claims the 267 days he spent in state presentence custody should be applied to his federal sentence. Respondent asserts, however, this time was awarded to Mr. Eastman's state prison sentence by the state of Colorado. The factual record supports Respondent's assertions, and Mr. Eastman has not provided any evidence to dispute that factual record. (*See* ¶ 42 of "Presentence Investigation Report, District of Colorado for Donovan Edward Eastman" doc. # 16-2 at p. 10 of 33; and "Colorado Department of Corrections Official Time Computation Report" doc. # 16-2 at p. 21-33). Because Colorado has credited Mr. Eastman for his time spent in custody form January 2, 2002 through October 8, 2002, under §3585(b) he is not entitled to double credit for this time.

Accordingly, IT IS RECOMMENDED that the Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 be DENIED and that this civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal

those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 6th day of November, 2009.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge